UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>  Plaintiff,<br><br>v.<br><br>GOUVEIA'S PIZZA,<br><br>  Defendant. | Case No. 3:21-cv-09397-JD<br><br>**ORDER RE MOTION TO DISMISS; ORDER TO SHOW CAUSE** |

Plaintiff Brian Whitaker is a quadriplegic and requires a wheelchair for mobility. Dkt. No. 1 ¶ 1. He has alleged violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (ADA), and the California Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53, against defendant Gouveia's Pizza (Gouveia's), which owns the North Beach Pizza restaurant in San Mateo, California. *Id.* ¶¶ 2-3.

Whitaker says that he visited North Beach Pizza in November 2021 "with the intention to avail himself of its goods or services motivated in part to determine if the defendants comply with the disability access laws." *Id.* ¶ 8. The complaint alleges that the restaurant "fail[s] to provide wheelchair accessible outside dining surfaces" that conform to ADA standards, and that Whitaker "personally encountered" this access barrier. *Id.* ¶¶ 10, 16. The complaint also asserts that Whitaker intends to return to the restaurant once it becomes accessible. *Id.* ¶ 20.

Gouveia's moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. Dkt. No. 18. The motion challenges Whitaker's standing to bring his ADA claim in federal court, raising a fact question regarding whether Whitaker genuinely intends to return to Gouveia's after the alleged access barriers are removed. Whitaker filed a response in opposition. Dkt. No. 22. The Court took the motion under submission on the written papers. Dkt. No. 24.

**DISCUSSION**

**I.     RULE 12(B)(1) MOTION**

Under Rule 12(b)(1), dismissal is appropriate if the court lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  Federal courts are courts of limited jurisdiction, and the "case or controversy" requirement of Article III of the U.S. Constitution "limits federal courts' subject matter jurisdiction by requiring, inter alia, that plaintiffs have standing." *Chandler v. State Farm Mut. Auto. Ins.*, 598 F.3d 1115, 1121 (9th Cir. 2010).  "[A] plaintiff must demonstrate standing to sue by alleging the 'irreducible constitutional minimum' of (1) an 'injury in fact' (2) that is 'fairly traceable to the challenged conduct of the defendants' and (3) 'likely to be redressed by a favorable judicial decision.'" *Patel v. Facebook Inc.*, 290 F. Supp. 3d 948, 952 (N.D. Cal. 2018) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)).  The "specific element of injury in fact is satisfied when the plaintiff has suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* (internal quotations and citation omitted).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual.  In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction.  By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted); *see also Patel*, 290 F. Supp. 3d at 951.

"To resolve a factual attack on jurisdiction, the Court has broader power than Rule 12 usually permits to consider evidence outside the complaint." *Long v. Graco Children's Prods. Inc.*, No. 13-cv-01257-JD, 2014 WL 7204652, at *2 (N.D. Cal. Dec. 17, 2014).  "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003); *see also Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) ("When the defendant raises a factual attack, the

plaintiff must support her jurisdictional allegations with 'competent proof.'") (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010)). The Court may "review evidence beyond the complaint" and if it is disputed may weigh the evidence and determine the facts to assess jurisdiction. *Safe Air for Everyone*, 373 F.3d at 1039.

Gouveia's Rule 12(b)(1) challenge to Whitaker's standing is, at least in part, a factual one. It asserts that Whitaker resides 400 miles away in West Los Angeles and that -- based on the thousands of ADA suits Whitaker has initiated, as well as his own testimony in a few cases[1] -- his alleged intent to return to Gouveia's restaurant is not genuine. Dkt. No. 18-1 at 9-17.

Whitaker's suggestion that he has demonstrated standing is not well taken. He discusses and applies the standards applicable to a Rule 12(b)(6) motion to dismiss for failure to state a claim, Dkt. No. 22 at 2-10, overlooking that Gouveia's has brought a factual challenge under Rule 12(b)(1). It is true that Whitaker's allegations, if accepted as true, would be sufficient under this circuit's precedents to establish standing to seek injunctive relief. *See, e.g.*, *C.R. Educ. & Enf't Ctr. v. Hosp. Props. Tr.* (*CREEC*), 867 F.3d 1093, 1099 (9th Cir. 2017). But Gouveia's motion calls into question whether Whitaker genuinely intends to return to the restaurant, as he had averred in his complaint. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 953 (9th Cir. 2011) (en banc) (an ADA plaintiff "lacks standing if he is indifferent to returning to the [business] or if his alleged intent to return is not genuine"); *see also CREEC*, 867 F.3d at 1100 ("[I]n the absence of travel plans, a past visit might not be sufficient evidence of imminent future harm."). At that point, Whitaker had the burden of putting forward some evidence to meet his burden to establish subject-matter jurisdiction. *See Leite*, 749 F.3d at 1121. But in opposing Gouveia's motion, Whitaker did not submit a declaration or other evidence attesting to his own genuine intent to return -- whether for his own personal enjoyment, as an ADA tester, or otherwise -- and no such declaration was appended to his complaint. He has produced no affirmative evidence to support his allegations that he has standing.

---

[1] The Court defers ruling on Gouveia's request for judicial notice, Dkt. No. 18-3, as this order is not predicated on the contents of the associated documents.

That said, Gouveia's motion presents an ambiguity that would render dismissal inappropriate at this time. *See Wichansky v. Zoel Holding Co., Inc.*, 702 F. App'x 559, 560-61 (9th Cir. 2017) (unpublished) (district court erred by resolving ambiguous Rule 12(b)(1) challenge on an "exclusively factual basis"). Gouveia's argument that Whitaker is indifferent about returning to the restaurant is interwoven with assertions that are better suited to a facial challenge. *See, e.g.*, Dkt. No. 18-1 at 14 (faulting Whitaker's complaint for "lack[ing] any description of concrete plans" to revisit the restaurant). Under these circumstances, the Court will defer ruling on the motion to dismiss until Whitaker has had an opportunity to properly respond to Gouveia's factual challenge, as outlined below.

## II. SUPPLEMENTAL JURISDICTION

There is another additional jurisdictional issue. In light of the Ninth Circuit's recent decision in *Vo v. Choi*, -- F.4th --, 2022 WL 4362289 (9th Cir. Sept. 21, 2022), it may be appropriate at this early stage in the litigation for this Court to decline to exercise supplemental jurisdiction over Whitaker's Unruh Act claim, even if his ADA claim ultimately moves forward. Because the Court is raising this issue *sua sponte*, Whitaker will be permitted "an opportunity to argue supplemental jurisdiction" before this claim is dismissed without prejudice. *Ho v. Russi*, 45 F.4th 1083, 1087 (9th Cir. 2022).

## CONCLUSION

Whitaker is ordered to show cause why Gouveia's Rule 12(b)(1) motion to dismiss should not be granted. He should be prepared to offer affirmative evidence that is responsive to Gouveia's factual challenge. He is also ordered to show cause why the Court should exercise supplemental jurisdiction over his Unruh Act claim. Whitaker's response is due by **October 31, 2022**. Failure to meet that deadline will result in dismissal with prejudice under Rule 41(b).

**IT IS SO ORDERED.**

Dated: September 29, 2022

JAMES DONATO
United States District Judge